**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                       :
                                                :
                                                :        16 Cr. 500 (RMB)
            - against -                         :
                                                :        **DECISION & ORDER**
MIGUEL TORRES,                                  :
                                                :
                    Defendant.                  :
-------------------------------------------------------------x

Having reviewed the record herein, including without limitation: (1) Defendant Miguel Torres's motion, filed pro se and dated May 21, 2020, requesting that the Court "vacate the remainder of [his] sentence." See Mot. at 1. Torres, a 38-year-old-male, states that he is "worr[ied] and concern[ed] for [his] grandmother's safety . . . [because] she only will listen to [him] . . . [and] it is very difficult for [him] to make [her] . . . follow the COVID-19 protocols while [he is] incarcerated." Id.; and (2) the Government's response, dated June 8, 2020, opposing Torres's release and contending: (i) "Torres has failed to exhaust his administrative remedies" pursuant to 18 U.S.C. § 3582. See Opp. at 1; (ii) there are no "extraordinary and compelling" circumstances warranting Torres's release pursuant to 18 U.S.C. § 3582. Id. at 1, 9; and (iii) releasing Torres early is not supported by the 18 U.S.C. § 3553(a) sentencing factors. Id. at 9, **the Court hereby denies Torres's motion for a compassionate release, as follows**:

**I.   Background**

On April 26, 2017, Torres pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). See Apr. 26, 2017 Plea Hr'g Tr. at 7:23-25. On October 24, 2017, the Court sentenced Torres to 106 months imprisonment to be followed by 5

years of supervised release. See Oct. 24, 2017 Judgment. Torres is incarcerated at FCI Schuylkill, a medium-security facility in Maryland with an adjacent minimum-security camp. See Opp. at 2; https://www.bop.gov/locations/institutions/cum/. He has served approximately 48 months of his 106-month sentence and is not scheduled for release until February 4, 2024. See Opp. at 2.

## II. Legal Standard

18 U.S.C. § 3582(c)(1)(A) provides in part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

United States Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides that a court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "the defendant is not a danger to the safety of any other person or to the community . . .," and "the reduction is consistent with this policy statement." Application Note 1 states in part that extraordinary and compelling reasons may exist in the following "family circumstances": (1) "the death or incapacitation of the caregiver of the defendant's minor child or minor children;" or (2) "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

## III. Findings

The Court's findings are as follows:

1. The Government states that Torres "does not address exhaustion of administrative remedies" in his motion. See Opp. at 3. While the exhaustion requirements in 18 U.S.C. §

2

3582(c)(1)(A) can be waived, Torres's grounds for release do not justify a waiver. *See U.S. v. Brady*, No. S2 18 CR 316 (PAC) (S.D.N.Y. Apr. 13, 2020). "[B]ecause [Torres] ha[s] not yet exhausted his efforts to obtain release through the BOP, and because a waiver of the statutory requirement [is] not warranted in his case" the "motion for compassionate release . . . [is] denied." *See U.S. v. Brady*, 2020 WL 2512100, at *2 (S.D.N.Y. May 15, 2020).

2. Even if Torres had exhausted his administrative remedies, the Court likely would deny Torres's motion because there are no "extraordinary and compelling" circumstances warranting his release. "While [Torres] could care for his [grand]mother if he were home, his inability to do so while imprisoned, while unfortunate, is not an extraordinary and compelling basis for his release." *See U.S. v. Clarke*, 2020 WL 3839627, at *1 (S.D.N.Y. July 8, 2020); *see also U.S. v. Pinto-Thomaz*, 2020 WL 1845875, at *3 (S.D.N.Y. Apr. 13, 2020) (defendant's argument that "he would be able to care for his elderly mother, who does face a higher risk of a severe disease from COVID-19, upon his release from custody . . . is [] not an 'extraordinary and compelling reason' for the Court to release him").

3. The Court likely would deny Torres's motion also because Torres poses a danger to the community. See U.S.S.G. § 1B1.13. Among other reasons: (1) Torres's "charges stemmed from [his] participation in a significant drug trafficking organization . . . that imported and distributed dozens of kilograms of cocaine in New York and New Jersey." See Opp. at 1; (2) "Torres himself was involved in multiple stages of the drug-trafficking process, including: retrieving packages of cocaine himself; taking possession of cocaine from other individuals, as an intermediary; tracking packages of cocaine while they were in transit; and coordinating with other co-conspirators regarding the logistics of delivery, transfer, and sale of the cocaine." Id. at 2; (3) "The organization's activities – and [Torres's] conduct – contributed to dangerous and damaging effects of narcotics upon the community and upon the eventual

individual customers and users." See Aug. 24, 2017 Gov't Ltr. at 3; and (4) "This case result[ed] in [Torres's] seventh criminal conviction and . . . third felony drug conviction." Id. "[T]he underlying conduct that led to [his] incarceration gravely endangered the community and reflects an individual who is accustomed to distributing controlled and highly addictive substances in his community." *See U.S. v. Batista*, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020) (quotations omitted); *U.S. v. Garcia*, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020).

4. The sentence reduction sought by Torres would fail to satisfy the purposes of sentencing, including "to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant." *See Garcia*, 2020 WL 2468091, at *6; 18 U.S.C. § 3553(a)(2)(a)-(c); *see also Batista*, 2020 WL 3249233, at *4.

## IV. Conclusion & Order

Defendant Torres's motion for compassionate release [Dck. # 447] is respectfully denied.

The Clerk of the Court is respectfully requested to send a copy of this Decision & Order to Defendant Torres.

Dated: New York, New York
       July 11, 2020

_____
**RICHARD M. BERMAN, U.S.D.J.**