**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                                                       :                    16 Cr. 500 (RMB)
                        - against -                           :
                                                                       :                    **DECISION & ORDER**
MIGUEL TORRES,                                       :
                        Defendant.                       :
-------------------------------------------------------------x

      Having reviewed the record herein, including without limitation: **(1)** Defendant Miguel Torres's first compassionate release motion, filed pro se and dated May 21, 2020, requesting that the Court "vacate the remainder of [his] sentence." See May 21, 2020 Mot. at 1. Torres, a 38-year-old-male, states that he is "worr[ied] and concern[ed] for [his] grandmother's safety . . . [because] she only will listen to [him] . . . [and] it is very difficult for [him] to make [her] . . . follow the COVID-19 protocols while [he is] incarcerated." Id.; **(2)** the Government's response, dated June 8, 2020, opposing Torres's release and contending: (i) "Torres has failed to exhaust his administrative remedies" pursuant to 18 U.S.C. § 3582; (ii) there are no "extraordinary and compelling" circumstances warranting Torres's release pursuant to 18 U.S.C. § 3582; and (iii) releasing Torres early is not supported by the 18 U.S.C. § 3553(a) sentencing factors. See June 8, 2020 Gov't Opp. at 1, 9; **(3)** the Court's Decision & Order, dated July 11, 2020, denying Torres's motion for compassionate release because: (i) Torres had not exhausted his administrative remedies; (ii) Torres's concern for his grandmother did not constitute "extraordinary and compelling circumstances warranting his release;" (iii) Torres poses a danger to the community; and (iv) a sentence reduction for Torres would not be supported by the 18 U.S.C. § 3553(a) sentencing factors. See July 11, 2020 Decision & Order at 2-4; **(4)** Torres's second motion, filed pro se and dated August 30, 2020 ("Second Motion"), seeking compassionate release and stating that: (i) he "need[s] to take care of [his] grandmother and mother during these hard times;" (ii) he has "mental health problems;" and (iii) he has "underlying things that make [him] high risk for dying if [he] contract[s] COVID-19." See Second Mot. at 2-3. Torres also requests the Court to appoint counsel to help him "move forward with [his]

1

motions." Id. at 3. The Second Motion also attaches a letter from the Warden of FCI Schuylkill, dated July 14, 2020, denying Torres's first motion request for compassionate release. Id. at 5-6; **(5)** Torres's letter, dated December 10, 2020, stating that FCI Schuylkill in Pennsylvania "has become overwhelmed with COVID-19 cases." See Dec. 10, 2020 Def. Ltr. at 1; and **(6)** the Government's opposition to the Second Motion, dated December 14, 2020, contending, among other things, that: (i) "the Second Motion is substantially identical to the . . . First Motion" and should be denied for the same reasons set forth by the Court in the July 11, 2020 Decision & Order; and (ii) "Torres does not specifically claim to have any acute medical conditions or other risk factors for vulnerability to COVID-19." See Dec. 14, 2020 Gov't Opp. 1-3, **the Court hereby denies Torres's Second Motion for a compassionate release, as follows:**

## I.   Background

On April 26, 2017, Torres pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). See Apr. 26, 2017 Plea Hr'g Tr. at 7:23-25. Torres's Sentencing Guidelines range was 188 to 235 months; his offense level was 31; and his criminal history category was VI. See Oct. 24, 2017 Sentencing Tr. at 3:6-10. On October 24, 2017, the Court sentenced Torres to 106 months imprisonment to be followed by 5 years of supervised release. See Oct. 24, 2017 Judgment.

Torres is incarcerated at FCI Schuylkill which is described as "a medium-security federal correctional institution with an adjacent minimum-security satellite camp." See June 8, 2020 Gov't Opp. at 2; https://www.bop.gov/locations/institutions/sch/. He has served 53 months of his 106-month sentence. He is scheduled for release on or about February 4, 2024. Dec. 14, 2020 Gov't Opp. at 2-3.

## II.   Findings

1. Torres may be said to have exhausted his administrative remedies with regard to the claim that he should be granted compassionate release to take care of his grandmother (a claim which is found in both of Torres's motions). *See United States v. Burman*, 2020 WL 3182766, at *2 (S.D.N.Y. June 13, 2020). The Warden of FCI Schuylkill denied Torres's request for compassionate release on July 14, 2020, stating: "You [] state you have a grandmother who is 75 years of age with numerous health

2

issues, who you intend to provide care for . . . In your case, your grandmother does not meet the criteria [for Torres's compassionate release]." See Second Mot. at 5.

2. Torres raises new claims in his Second Motion which appear not to have been presented to the BOP or to the Warden of FCI Schuylkill. These include that: (i) Torres needs to take care also of his mother; (ii) Torres has "mental health problems;" (iii) Torres has "underlying things that make [him] high risk for dying if [he] contract[s] COVID-19;" and (iv) that FCI Schuylkill "has become overwhelmed with COVID-19 cases." Id. at 2-3; Dec. 10, 2020 Def. Ltr. at 1. These new claims should also have been submitted to the BOP and/or to the Warden before being presented to the Court.
In *United States v. Russo*, No. 16-cr-441 (LJL), Dck. No. 54, at 4 (S.D.N.Y. Apr. 3, 2020), the court pointed out that the exhaustion requirement "recognizes that the BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan . . ." And, in *United States v. Nwankwo*, 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020), the court stated with regard to a second motion for compassionate release: "Defendant now seeks compassionate release for [] different reasons . . . Assuming . . . that these are new bases for compassionate release, exhaustion of [defendant's] renewed request would be required." Exhaustion of all of one's claims is important and is by no means a technicality only.

3. Torres's failure to exhaust aside, Torres has not established by a preponderance of the evidence any extraordinary and compelling reasons warranting compassionate release, as follows:

    a. While Torres could care for his grandmother if he were home, his inability to do so while imprisoned, while unfortunate, has not been shown to be an extraordinary and compelling basis for his release. See July 11, 2020 Decision & Order at 3; *see also United States v. Burrell*, 2020 WL 7646887, at *3 (S.D.N.Y. Dec. 23, 2020); *United States v. Harris*, 2020 WL 5801051, at *3 (S.D.N.Y. Sept. 29, 2020).

    b. Nor has Torres proven that his new claim that he needs to be released in order to take care of his mother constitutes an extraordinary and compelling reason. *See United States v. Pinto-*

3

*Thomaz*, 454 F.Supp.3d 327, 330 (S.D.N.Y. Apr. 13, 2020); *United States v. Bradshaw*, 2020 WL 3962124, at *2 (S.D.N.Y. July 13, 2020).

c. Nor has Torres offered any evidence that he suffers from "mental health problems" or "underlying things that make [him] high risk for dying if [he] contract[s] COVID-19" or that he faces a heightened risk of severe illness from COVID-19. See Second Mot. at 2-3. Generalized allegations do not establish extraordinary and compelling reasons warranting compassionate release. *See United States v. Jaramillo*, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020) (where the defendant "proffer[ed] no facts from which the Court can conclude that his specific medical condition places him at extraordinary risk of infection by or severe illness from COVID-19"); *United States v. Woody*, 463 F.Supp.3d 406, 409 (S.D.N.Y. 2020) (where the defendant "does not report any health issues that would make him particularly vulnerable to COVID-19 [] defendant has not demonstrated the type of extraordinary and compelling circumstances that would mandate his release"); *United States v. Miller*, 2020 WL 5260210, at *2 (E.D.N.Y. May 8, 2020) ("[defendant's] alleged health conditions fall short of the 'extraordinary and compelling' standard required for compassionate release . . . [defendant] has failed to specify what his condition is or substantiate his claim that he, in fact, has it").

d. And, claims for compassionate release based upon medical conditions are best reviewed by the Warden in the first instance who is able to review BOP medical records and opine upon BOP medical care. Torres will need to exhaust his administrative remedies with regards to any claims he intends to bring to the Court, unless he proves by a preponderance of the evidence that waiver of the exhaustion requirement is warranted. See July 11, 2020 Decision & Order at 2-3; see also discussion at pp.2-3, *supra*.

## III.  Counsel

Torres's request for appointment of counsel is denied. Courts often deny requests for appointment of counsel in compassionate release cases where the defendant does not provide evidence of **any** serious

medical condition. *See e.g. United States v. Morel*, 2020 WL 3412907, at *4 (S.D.N.Y. June 22, 2020); *Lopez-Pena v. United States*, 2020 WL 4450892, at *1 (S.D.N.Y. Aug. 3, 2020); *United States v. Bouyagian*, 2020 WL 5077405, at *1 (S.D.N.Y. Aug. 27, 2020); *United States v. Garrison*, 2020 WL 5253219, at *1 (S.D.N.Y. Sept. 3, 2020).

## IV. Conclusion & Order

For the reasons stated above, Defendant Torres's Second Motion for compassionate release [Dck. # 475] is respectfully denied.

Dated: New York, New York
January 5, 2021

_____
**RICHARD M. BERMAN, U.S.D.J.**