UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                :

                                                                                                    :            16 Cr. 500 (RMB)

            - against -                         :

                                                                                                  :            **DECISION & ORDER**

MIGUEL TORRES,                                  :

                       Defendant.              :
-------------------------------------------------------------x

       This Decision & Order addresses Defendant Miguel Torres's pro se letter applications seeking compassionate release, dated February 18, 2021 and March 4, 2021 (collectively, Torres's "Third Motion for Compassionate Release" or "Third Motion"). For the reasons stated below, Torres's Third Motion is respectfully denied.[1]

### I.  Background

       On April 26, 2017, Torres, who was then 35 years old, pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). See Plea Hr'g Tr. at 7:23-25. Torres's Sentencing Guidelines range was 188 to 235 months; his offense level was 31; and his criminal history category was VI. See Sentencing Tr. at 3:6-10. On October 24, 2017, the Court sentenced Torres to 106 months' imprisonment, followed by 5 years of supervised release. Id. at 27:14-23.

       Torres is incarcerated at FCI Schuylkill. See Mar. 14, 2021 Gov't Opp. at 2. His projected release date is February 4, 2024. Id. As of March 24, 2021, he had served 55 months of his 106-month sentence. Id.

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

On July 11, 2020, the Court denied Torres's first pro se motion for compassionate release, which was dated May 21, 2020. Torres had contended that: "[he is] worried and concerned for his grandmother's safety . . . and it is very difficult for him to make her follow the COVID-19 protocols while [he is] incarcerated." See First Mot. at 1. In denying Torres's first motion which had been opposed by the Government, the Court found that: (i) Torres had not exhausted his administrative remedies; and (ii) Torres's "concern for his grandmother" did not constitute "extraordinary and compelling circumstances warranting his release." See July 11, 2020 D&O at 2-4.

On January 5, 2021, the Court also denied Torres's second pro se motion for compassionate release, which was dated August 30, 2020. Torres had contended, among other things, that: (i) he "need[s] to take care of [his] grandmother"; (ii) he also "need[s] to take care of [his] mother during these hard times"; (iii) he has "mental health problems"; and (iv) he has "underlying things that make him high risk for dying if he contracts COVID-19." Second Mot. at 1 (citation and alterations omitted); Dec. 10, 2020 Ltr. at 1. In denying Torres's second motion which had been opposed by the Government, the Court found that: (i) "Torres may be said to have exhausted his administrative remedies with regard to the claim that he wants to take care of his grandmother." However, with respect to his (three) other claims, these were "new claims . . . which appear not to have been presented to the BOP or to the Warden of FCI Schuylkill" and he had "fail[ed] to exhaust his administrative remedies [as to these claims]"; and (ii) "Torres's failure to exhaust aside, Torres has not established . . . any extraordinary and compelling reasons warranting [his] release." Specifically, "his inability to care for his grandmother and . . . mother ha[ve] not been shown to be [] extraordinary and compelling bas[e]s for his release" and "he has not offered any evidence that he suffers from . . . any health issues that would make him particularly vulnerable to COVID-19." Jan. 5, 2021 D&O at 3-4 (citation omitted).

2

II. **Torres's Third Motion for Compassionate Release**

In his Third Motion, Torres, who is now 39 years of age, contends that: (i) "[his] grandmother has a lot of health problems and [he] would love to be there for her." Feb. 18, 2021 Ltr. at 1; (ii) there is a "mass[ive] outbreak of COVID-19" at FCI Schuylkill. Mar. 4, 2021 Ltr. at 1; and (iii) he has "done everything [the Court] told him to do. [He] went to school, started doing [his] GED, passed some of the [GED] tests, and now [is] waiting for [possible admission] into the RDAP program." Feb. 18, 2021 Ltr. at 1; see also Feb. 18, 2021 Ltr. Ex. A at 2-5.

On March 14, 2021, the Government opposed the Third Motion, contending that: (i) "Torres fails to meet the requirements [for compassionate release] for the same reasons described in the Government's oppositions to his first two motions," namely that: "[Torres] cannot meet his burden of establishing [] 'extraordinary and compelling circumstances.'" Mar. 14, 2021 Gov't Opp. at 3; June 8, 2020 Gov't Opp. at 1; and (ii) "[Torres's motion] fails . . . for the same reasons described in the Court's denials of both prior motions [for compassionate release]." Mar. 14, 2021 Gov't Opp. at 3; see also discussion at p.2 supra.

III. **Findings**

The Court's findings are as follows:

1. Torres appears principally to be relitigating and seeking reconsideration regarding the claim he raised in his prior motions, namely that "[his] grandmother ha[s] a lot of health problems and [he] would love to be there for her." Mar. 4, 2021 Ltr. at 1. The Court rejected this claim in both its July 11, 2020 and January 5, 2021 Decisions. See July 11, 2020 D&O at 3; Jan. 5, 2021 D&O at 3. And, Torres fails to meet the strict standard for reconsideration of the first and second motions. *See United States v. Gray*, 2021 WL 211539, at *1 (S.D.N.Y. Jan. 21, 2021) ("The Court construes [defendant's filing] to be a request for reconsideration" because it "raises . . . the same [claim] that the Court already rejected as insufficient when it denied [defendant's]

3

[initial] motion for compassionate release."). Torres has pointed to no controlling decisions or facts that the Court overlooked that would alter its earlier conclusions. See July 11, 2020 D&O at 3; Jan. 5, 2021 D&O at 3; *see also United States v. Posner*, 2020 WL 7022500, at *1 (S.D.N.Y. Nov. 30, 2020).

2. Torres appears to raise two additional claims in his Third Motion, namely that: (i) "there is a mass[ive] outbreak of COVID-19" at FCI Schuylkill; and (ii) he has allegedly "done everything [the Court] told him to do [with respect to rehabilitation]," including completing GED courses and other programming. Feb. 18, 2021 Ltr. at 1. Both of these claims appear not to have been presented to the BOP or to the Warden of FCI Schuylkill and, therefore, are denied because they have not been exhausted. *See, e.g., United States v. Nwankwo*, 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020) (where the court concluded that the defendant was required to exhaust his administrative remedies, including his claim of a "documented outbreak" of COVID-19).

3. In addition to Torres's failure to exhaust his remedies, Torres has not established extraordinary and compelling reasons warranting compassionate release, as follows:

    a. Torres does not contend or document that he suffers from any medical conditions that would place him at risk of severe illness from COVID-19. *See United States v. Woody*, 463 F. Supp. 3d 406, 409 (S.D.N.Y. 2020) (where the defendant "does not report any health issues that would make him particularly vulnerable to COVID-19[,] . . . [d]efendant has not demonstrated the type of 'extraordinary and compelling circumstances' that would mandate his release"); *see also United States v. Felix*, 2020 WL 4505622, at *2 (S.D.N.Y. Aug. 4, 2020) ("given [defendant's] lack of any medical factors that might put her at heightened risk should she contract COVID-19 . . . , the Court finds that [defendant] has failed to demonstrate extraordinary and compelling circumstances that warrant compassionate release").

4

b.  Torres's claim that there is a "mass[ive] outbreak of COVID-19" is not supported by evidence. Indeed, the claim is refuted by BOP data regarding the number of COVID-19 cases at FCI Schuylkill. According to the BOP, as of March 24, 2021 there were 6 inmates with active COVID-19 cases at FCI Schuylkill. See COVID-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last visited Mar. 24, 2021). This appears to reflect a significant decrease in the number of active cases over the last several weeks. Id.; *see also United States v. Battle*, 2021 WL 363956, at *2 (S.D.N.Y. Feb. 3, 2021) ("The Court [] notes that COVID-19 cases at [defendant's prison] have declined rapidly in recent weeks, suggesting that BOP is responding appropriately to COVID-19's spread at [defendant's prison]. Thus, the Court is not persuaded that the circumstances at [defendant's prison] warrant compassionate release."); *United States v. Davis*, 2021 WL 1016115, at *2 (S.D.N.Y. Mar. 17, 2021) ("[defendant's] contention that the COVID-19 outbreak at [his prison] merits a reduction in his sentence is . . . unavailing. While [the prison] did recently experience a significant COVID-19 outbreak . . . , the number of positive cases at the facility has since reduced dramatically.").

Additionally, the BOP has stated that it is "committed to vaccinating all prisoners during the upcoming months." *United States v. Maldonado*, 2021 WL 639069, at *3 (S.D.N.Y. Feb. 17, 2021). As of March 24, 2021, 213 FCI Schuylkill inmates had been fully vaccinated. See COVID-19 Vaccine Implementation, BOP, https://www.bop.gov/coronavirus/ (last visited Mar. 24, 2021). These vaccinations may have reduced Torres's risk of contracting COVID-19 at FCI Schuylkill. *See Davis*, 2021 WL 1016115, at *3 (the BOP "[has] already begun vaccinating both inmates and staff at [defendant's prison]. These vaccinations reduce [defendant's] risk of []infection." (citation omitted)); *see also Maldonado*, 2021 WL 639069, at *3 ("with the BOP

committed to vaccinating all prisoners during the upcoming months[,] . . . [defendant] will [] be at low risk [of COVID-19 infection]").

    **c.** Torres's claim that "he has started doing his GED and other courses," while admirable, does not constitute an extraordinary and compelling basis for his release. "[R]ehabilitation alone does not give rise to an extraordinary or compelling reason for relief." *United States v. Camisa*, 2021 WL 517739, at *2 (S.D.N.Y. Feb. 10, 2021); *see also United States v. Reyes*, 2020 WL 5518483, at *3 (S.D.N.Y. Sept. 14, 2020) ("[defendant] has . . . successfully complet[ed] dozens of BOP rehabilitative programs and . . . even obtained his GED [] while in BOP custody. . . . [But] these developments . . . do not by themselves support the extraordinary relief of compassionate release." (citation and alterations omitted)); *United States v. Paredes-Cordova*, 2021 WL 761849, at *6 (S.D.N.Y. Feb. 26, 2021).

**IV.   Conclusion & Order**

    For the reasons set forth above, Defendant's Third Motion for Compassionate Release [Dck. Nos. 503 & 504] is respectfully denied.

Dated:  New York, New York
         March 24, 2021

                                                    **RICHARD M. BERMAN, U.S.D.J.**