UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                          :
                                                   :
                        Government,                :          16 Cr 500 (RMB)
                                                   :
- against -                                        :
                                                   :          **DECISION & ORDER**
                                                   :
MIGUEL TORRES,                                     :
                                                   :
                        Defendant.                 :
------------------------------------------------------------x

      This Decision & Order resolves defendant Miguel Torres's fourth pro se motion for compassionate release, dated January 25, 2022 ("Motion"). For the reasons stated below, the Motion is respectfully denied.[1]

I.    Background

      On April 26, 2017, Torres, then 35 years old, pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (See Presentence Investigation Report ("PSR") ¶ 4, ECF No. 153.) Torres's Sentencing Guidelines range was 188 to 235 months; his offense level was 31; and his criminal history category was VI. (Sentencing Tr. 23, ECF No. 221.) On October 24, 2017, the Court sentenced Torres to 106 months' imprisonment followed by 5 years of supervised release. (Id. at 27.)

      Torres is incarcerated at FCI Schuylkill in Pennsylvania. Inmate Database, BOP. He has served 67 months of his 106-month sentence. His projected release date is February 4, 2024. Id.

      On July 11, 2020, the Court denied Torres's first pro se motion for compassionate release, dated May 21, 2020. Torres contended that "[he was] worried and concerned for his

---

[1] Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.

1

grandmother's safety . . . and it is very difficult for him to make her follow the COVID-19 protocols while [he is] incarcerated." (First Mot. 1, ECF No. 447.) In denying Torres's first motion, the Court found that: (i) Torres had not exhausted his administrative remedies; and (ii) Torres's "concern for his grandmother" did not constitute extraordinary and compelling circumstances warranting his early release. (See July 11, 2020 Ord. at 2-3, ECF No. 462.)

On January 5, 2021, the Court denied Torres's second pro se motion for compassionate release, dated August 30, 2020. Torres contended, among other things, that: (i) he "need[ed] to take care of [his] grandmother; (ii) he "need[ed] to take care of [his] . . . mother during these hard times"; (iii) he has "mental health problems"; and (iv) he has "underlying things that make [him] high risk for dying if [he] contract[s] COVID-19." (Second Mot. 1, ECF No. 475; Dec. 10, 2020 Ltr. 1, ECF No. 477.) In denying Torres's second motion, the Court found that: (i) three of Torres's four claims did not appear "to have been presented to the BOP or to the Warden of FCI Schuylkill," and thus he had "fail[ed] to exhaust" his administrative remedies as to these claims; and (ii) Torres had "not established . . . extraordinary and compelling reasons warranting [his] release." (Jan. 5, 2021 Ord. at 3-4, ECF No. 480.)

On March 24, 2021, the Court denied Torres's third pro se motion for compassionate release, dated February 18, 2021 and March 4, 2021. Torres asserted that: (i) "[his] grandmother has a lot of health problems and [he] would love to be there for her" (Feb. 18, 2021 Ltr. 1, ECF No. 504); (ii) there is a "mass[ive] outbreak of COVID-19" at FCI Schuylkill (Mar. 4, 2021 Ltr. 1, ECF No. 503); and (iii) he had "done everything" he had been told to do with respect to rehabilitation, including completing GED courses and other programs (Feb. 18, 2021 Ltr. 1). In denying Torres's third motion, the Court found that: (i) Torres's desire to care for his grandmother "fails to meet the strict standard for reconsideration"; (ii) Torres had not exhausted

2

his administrative remedies with respect to his claims concerning COVID-19 and his rehabilitation efforts; (ii) Torres did not "contend or document that he suffers from any medical conditions that would place him at risk of severe illness from COVID-19," and his claim of a massive COVID-19 outbreak was "refuted by BOP data regarding the number of COVID-19 cases at FCI Schuylkill"; and (iii) Torres's claim that "he has started doing his GED and other courses," while appropriate, did not constitute an extraordinary and compelling basis for his release. (Mar. 24, 2021 Ord. at 3-6, ECF No. 507.)

## II. Torres's Fourth Motion for Compassionate Release

Torres's current Motion for compassionate release contends: (i) FCI Schuylkill "is on lockdown again for COVID"; (ii) he has "been working in UNICOR for 19 months," he has "been incident free," and he has "a work plan lined up [for] when I get out"; and (iii) his older brother passed away on August 12, 2021 due to heart problems and he "just want[s] to get out to [his] family." (Mot. 1, ECF No. 529.)

The Government opposes the Motion, contending that: (i) because Torres is vaccinated against COVID-19, the "pandemic alone is not an extraordinary and compelling reason to release Torres approximately two years early"; (ii) "rehabilitation alone may not support a finding that extraordinary and compelling reasons for a reduced sentence exist"; and (iii) the Court's previous findings that Torres had not demonstrated extraordinary and compelling reasons and that the Section 3553(a) factors do not justify a reduced sentence "remain true today." (Gov't Opp. 3-5, ECF No. 546.)

## III. Legal Standard

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." See United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

3

When considering an application under 18 U.S.C. § 3582(c)(1)(A)(i), "a court may reduce a defendant's sentence only if it finds that extraordinary and compelling reasons warrant such a reduction." United States v. Beniquez, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted). "The defendant bears the burden of proving that he is entitled to compassionate release." United States v. Phillibert, 2021 WL 3855894, at *2 (S.D.N.Y. Aug. 27, 2021).

The Court looks to § 1B1.13 of the Sentencing Guidelines for "guidance in the exercise of its discretion." United States v. Rodriguez, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). The district court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

"[C]ourts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that . . . he does not face an extraordinary risk from COVID-19." United States v. Kosic, 2021 WL 1026498, at *3 (S.D.N.Y. Mar. 17, 2021).

The 18 U.S.C. § 3553(a) factors, including the danger a defendant poses to the community, "override any extraordinary and compelling reasons justifying his release." United States v. Serrano, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); accord United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021).

IV. Findings

1. Torres has not shown that he has exhausted his administrative remedies. It appears that the claims advanced in his Motion have not been presented to the BOP or to the warden of FCI Schuylkill. See United States v. Nwankwo, 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020) (denying release to defendant who failed to exhaust administrative remedies, including on claim of a "documented outbreak" of COVID-19). As the Court has advised Torres

4

previously, these claims "should [ ] have been presented to the BOP and/or to the Warden before being presented to the Court. . . . Exhaustion of all of one's claims is important and is by no means a technicality only." (See Jan. 5, 2021 Ord. at 3.)

2. Torres fails to establish extraordinary and compelling reasons warranting compassionate release, as follows:

 (i) As the Government explains, Torres "received his first and second doses of the Moderna COVID-19 vaccine on October 14 and November 9, 2021." (Gov't Opp. 3.) Moreover, Torres's Motion does not contend or document that he suffers from any medical condition that would place him at risk of severe illness from COVID-19. (Cf. Mar. 24, 2021 Ord. at 4.) As of February 23, 2022, there were 19 inmates with active COVID-19 cases at FCI Schuylkill out of a total inmate population of 1,063. See COVID-19: Coronavirus, BOP, https://www.bop.gov/coronavirus/ (last visited Feb. 23, 2022).

 While the Court acknowledges difficult conditions that prisoners have faced during the pandemic, COVID-19 does not pose a specific risk to Torres that warrants his release. See United States v. Farmer, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022) ("Courts have consistently denied compassionate release when the defendant is fully vaccinated . . . ."); see also United States v. Woody, 463 F. Supp. 3d 406, 409 (S.D.N.Y. 2020).

 (ii) Torres's Motion makes various claims concerning his rehabilitation efforts, such as that he has "been working in UNICOR for 19 months" and has "been incident free." Torres appears to be doing what is expected of him and all other inmates. While encouraging, that is hardly an extraordinary and compelling reason for his early

5

release. See United States v. Strong, 2021 WL 75660, at *5 (S.D.N.Y. Jan. 7, 2021) ("The Court commends Strong for productively using his time in prison. But that circumstance, which is not unusual, does not support reducing his sentence . . . .").

3. The Court offers its condolences to Torres and his family for the passing of his older brother. However, Torres has not identified circumstances that meet the bar for compassionate release. See United States v. Padilla, 2021 WL 242463, at *3 (S.D.N.Y. Jan. 25, 2021).

4. To reduce Torres's sentence would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a), including the need to protect the public from further crimes of the defendant. Torres's offense level was 31; his criminal history category was VI; and his Sentencing Guidelines range was 188 to 235 months' imprisonment. (Sentencing Tr. 23.) Torres's charges stemmed from his participation in "a significant drug trafficking organization, based in the New York City area and Puerto Rico, which imported and distributed dozens of kilograms of cocaine in the New York City area . . . ." (PSR ¶ 21.) "The organization's activities—and Torres's conduct—contributed to dangerous and damaging effects of narcotics upon the community and upon the eventual individual customers and users." (July 11, 2020 Ord. at 3-4 (citation omitted).)

And, Torres is a "career offender" under the Sentencing Guidelines. (PSR ¶ 46; see also U.S.S.G. § 4B1.1.) This case resulted in Torres's seventh criminal conviction and third felony drug conviction. (See July 11, 2020 Ord. at 4); see also United States v. Batista, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020) (denying compassionate release where defendant's conduct "gravely endangered the community and reflects an individual who is accustomed to distributing controlled and highly addictive substances in his community").

V. <u>Conclusion & Order</u>

For the foregoing reasons, the Motion (ECF No. 529) is respectfully denied.

Dated: New York, New York
      February 23, 2022

*Richard M. Berman*
_____
**RICHARD M. BERMAN, U.S.D.J.**